## BURGESS *v*. WINSTON.

*(Circuit Court, E. D. Virginia. July, 1886.)*

TAXES—COLLECTORS—ACCOUNTING TO STATE—VIRGINIA COUPONS—SURETIES.

Neither a tax collector, nor the surety on his official bond, can discharge his debt to the state, for money received by him for taxes, with the state's tax-receivable coupons. Laws Va. December 24, 1872.

Upon Petition for *Mandamus.* The opinion states the case.

*Wm. L. Royall* and *D. H. Chamberlain,* for petitioner.

*Rufus S. Ayers,* for respondent.

BOND, J. It appears from the facts in this case that E. R. Burgess was the collector of taxes and treasurer of Northumberland county, in Virginia, and as such collected and received the taxes due the state to the amount of $3,222.98, which, with interest, amounted, at the time of this suit, to $3,794.73, for which he has not accounted. G. T. Burgess is the surety on his bond for the faithful performance of his official duties. The state of Virginia, by its proper officers, brought suit and recovered a judgment for the sum above stated, and Winston, the sheriff, was directed to enforce the same by an execution issued on the judgment. The petitioners tendered tax-receivable coupons for the amount due, which the sheriff refused to receive in payment. The defendants filed their petition for a *mandamus* in a state court, to compel the sheriff to receive the coupons in satisfac-

tion of the state's claim, and then removed the cause, by proper process, to this court.    The refusal of the tender by the sheriff was based upon the act of Virginia approved December 24, 1872, by which it was declared that it should not be lawful for any collector of taxes to convert any moneys received by him into coupons, but that such collector should account to the treasury in money for all revenue received by him in money.    The act likewise forbade him to convert any money received by him into coupons, directly or indirectly.    This was the law of Virginia relating to the office of county treasurer at the time of his appointment to and acceptance of the office.    It is his contract with the state, and G. T. Burgess was surety that he would faithfully perform it.

Having embezzled the sum of $3,222.98 of the state's money, he comes into this court, as a debtor of the state, to take advantage of the right of tax-receivable coupon holders to pay their debts to the state in coupons.    But the collector never was a "debtor" to the state, in the usual meaning of that term; he was a mere bailee.    The money he collected was always the state's, and never his; and his contract with the state was to pay the money he received for taxes in money, and his petition here is that he may pay it in coupons, in violation of his contract.    It is not in the power of a bailee to change his relation to the bailor by his own will into that of a debtor, and, though the state has recovered a judgment against him, it has not altered his relation to it, nor subverted the contract he had with it as treasurer.    This court has frequently held that tax-receivable coupons must be received for all public dues.    It is the established law now, but it has never held that a person cannot make a contract with another that he will not pay in coupons, but will pay in money. He can waive his right to pay in coupons, if he so choose, and that is what petitioner did.

He likewise agreed, by taking his office, that he would not convert any money received by him as treasurer into coupons; and now he asks, having in his possession nearly $4,000 of the state's money, to be allowed to convert that amount into tax-receivable coupons, and tender them to the state in lieu of that much of the state's funds which he contracted to pay in money.

G. T. Burgess, the surety, is in no better position than the treasurer, except that he has not taken any of the state's funds fraudulently.    He is surety that the treasurer would faithfully perform his duty as such officer.    This the treasurer has utterly failed to do.    By his bonds, as surety, Burgess agreed that the treasurer would pay all moneys received by him in money in like funds.    This he has failed to do, and the surety cannot be allowed, by granting this petition for *mandamus*, to pay in coupons for him.

The petition for *mandamus* is refused, with costs.